**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT EUGENE ROJAS, | No. 2:22-CV-0962-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

          The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In his complaint, Plaintiff names the following as defendants: (1) the County of Sacramento; and (2) Anthony Ball, alleged to be the Chaplain at the Sacramento County Jail.  See ECF No. 1, pgs. 1-2.  Plaintiff alleges three claims – two of which are related to his request for a religious diet.  See id. at 3-5.  The third claim relates to an alleged violation of Plaintiff's Eighth Amendment rights.

In his first claim, Plaintiff alleges that he asked the jail Chaplain, Defendant Ball, for a religious Kosher diet but was told that that the Sacramento County Jail has a policy of not providing religious diets to inmates.  See id. at 3.  In his second claim, Plaintiff alleges that he suffered "cruel and unusual punishment" in violation of his Eighth Amendment rights when he was called a "dirty Jew" by unnamed "jail staff."  Id. at 4.  In his third claim, Plaintiff contends that an unnamed "defendant" has violated his due process rights by failing to provide an "adequate and sufficient written procedure" to obtain a religious diet.  Id. at 5.

## II. DISCUSSION

The Court finds that Plaintiff has stated a cognizable claim against Defendants County of Sacramento and Ball for failure to provide a religious diet.  In this regard, the Court also finds that Plaintiff's allegation of a policy of not providing religious meals is sufficient to state a municipal liability claim against Defendant County of Sacramento.  Plaintiff has not, however, stated any other cognizable claims because he fails to link an alleged constitutional violation to any named defendant.  Plaintiff will be provided an opportunity to amend or to stand on the original complaint against Defendants for failure to provide a religious diet.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, in his second claim, Plaintiff contends that "jail staff" violated his rights by calling him a "dirty Jew." As reprehensible as this alleged conduct is, Plaintiff has not linked such conduct to any specifically named defendant. "Jail staff" is undefined in the complaint and does not appear to relate to either the County of Sacramento or the jail Chaplain, Defendant Ball. Similarly, in Plaintiff's second claim, he alleges violation of his due process rights because "defendants" failed to provide adequate procedures for obtaining a religious diet. Again, "defendants" does not sufficiently link this claim to either the County of Sacramento or Ball.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: August 3, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE