**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT EUGENE ROJAS, | No.  2:22-CV-0962-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 13.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the Court to conduct the screening required by law when the allegations are vague

5   and conclusory.

6

7                              **I.  PLAINTIFF'S ALLEGATIONS**

8           In his complaint, Plaintiff names the County of Sacramento as the only defendant.

9   See ECF No. 13, pg. 1.  Plaintiff alleges that Defendant has subjected him to "unconstitutional

10  and illegal treatment" by way of the rules violation process which, according to Plaintiff,

11  "subjects Plaintiff to dangerous, inhumane, degrading conditions. . . ."  Id. at 7.  Plaintiff states

12  that he has not been convicted of any crime and has been held in the Sacramento County Main

13  Jail for over two years.  See id.  Plaintiff claims that the rules violation process resulted in him

14  being held in disciplinary segregation with "full restriction."  Id. at 8.  Plaintiff also claims that he

15  has been locked in "solitary confinement in a dark, cramped, filthy cell for 23 and-a-half hours

16  "or more" per day.  Id.  Plaintiff states that he has also had visitation privileges restricted.  See id.

17  According to Plaintiff, during his time at the Sacramento County Main Jail, he was cited with

18  over 20 rules violations.  See id. at 9.  For each charged violation, Plaintiff claims he was "denied

19  a defense to challenge the R.V.R. [Rules Violation Report]."  Id.

20          The Court notes that, since filing the first amended complaint, Plaintiff has been

21  released from custody.

22

23                                    **II.  DISCUSSION**

24          At the outset, the Court notes that the current allegations are starkly different that

25  those raised in Plaintiff's original complaint.  In the original complaint, Plaintiff alleged that the

26  County of Sacramento implemented policies and/or practices whereby he and other jail inmates

27  were not provided religious meals.  See ECF No. 1.  The Court found this claim cognizable as

28  against the County of Sacramento and Chaplain Bell (who is no longer named as a defendant to

                                              2

1   this action), but granted Plaintiff leave to amend as to other claims found to be not cognizable.

2   See ECF No. 11.  Plaintiff does not raise in the current first amended complaint any allegations

3   related to religious meals, and he no longer names Bell as a defendant.  Instead, Plaintiff now

4   raises various conditions-of-confinement claims arising from what Plaintiff alleges is an improper

5   rules violation process in place at the Sacramento County Main Jail, and has abandoned the sole

6   claim previously found to be cognizable.

7           Construing the amended complaint liberally, the Court finds that Plaintiff's

8   current allegations are not sufficient to proceed as against the County of Sacramento.

9   Municipalities and other local government units are among those "persons" to whom § 1983

10  liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and

11  municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also

12  Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit,

13  however, may not be held responsible for the acts of its employees or officials under a respondeat

14  superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

15  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its

16  employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege

17  that the constitutional deprivation complained of resulted from a policy or custom of the

18  municipality. See id.

19          At best, Plaintiff's allegations appear to raise a due process challenge to various

20  disciplinary proceedings he faced.  Plaintiff has not, however, described in any detail the nature

21  of the disciplinary process or any other policies and/or practices of the County of Sacramento

22  which resulted in constitutional violations during Plaintiff's time at the Sacramento County Main

23  Jail.  In order for the Court to evaluate the sufficiency of Plaintiff's claims, Plaintiff must outline

24  the policies and/or practices in place at the Sacramento County Main Jail which establish and

25  implement the disciplinary process.  Plaintiff will be provided another opportunity to amend.

26  / / /

27  / / /

28  / / /

3

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.    The Clerk of the Court is directed to update the docket to terminate

3    Anthony Bell who is no longer named as a defendant to this action.

4    2.    Plaintiff's first amended complaint is dismissed with leave to amend.

5    3.    Plaintiff shall file a second amended complaint within 30 days of the date

6    of service of this order.

7

8    Dated:  July 27, 2023

9    _____

10   DENNIS M. COTA
     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28